ELIZABETH B. LADD *et al., vs.* FRANKLIN LOAN & TRUST COMPANY.

PROVIDENCE—JULY 17, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Equitable Attachment. Affidavits.*

Gen. Laws cap. 252, § 27, relative to writs of attachment in equity causes, does not require the affidavits to be annexed to the writ.

(2) *Equitable Attachment. Return Day. Account of Property Attached.*

After the service of a writ of attachment under Gen. Laws cap. 252, § 27, in an equity cause, complainant moved for an account upon oath of the shares of stock attached :—

*Held,* that the implication from a return day in the statute would seem to be that the party upon whom the writ was served should at such time make a return of the property attached; but since the statute had no provisions for such return, the motion for an account was properly made.

*Held,* further, that the motion was prematurely made, since, until complainant established his bill or showed circumstances requiring the disclosure, it could serve no useful purpose and should not be ordered until it should appear necessary.

BILL IN EQUITY. Heard on motion for an accounting from a party upon whom a writ of attachment had been served, under Gen. Laws cap. 252, § 27. Entry of order postponed.

(1)    STINESS, C. J. A writ of attachment upon shares of stock in the Hope Land Co., a corporation of this State, having been issued by order of court, the complainants move for an account upon oath of the shares so attached.

The Hope Land Co. objects to an order for an account, upon several grounds.

It is claimed that the writ is fatally defective because no affidavit is annexed to it, as is required in writs of attachment at law.

Gen. Laws cap. 252, § 27, provides that writs of attachment may issue by order of court on *ex parte* affidavits, in equity proceedings running against stock or shares of a defendant in any incorporated company, "like a writ of attachment at law in conformity to the specific directions in said order ; and shall be served in like manner and be subject to like incidents as a writ of attachment at law."

Gen. Laws cap. 252, § 17, as to writs of mesne process, requires that an affidavit shall be endorsed upon or annexed to such writs, setting forth facts which would authorize attachment on an original writ.

The writ of attachment in equity is a writ of mesne process ; but there is a marked distinction between attachments in equity and at law, which is conclusive of the construction to be put upon the statute.

In an action at law, a plaintiff may attach on original or mesne process without an order of the court, upon making and annexing to his writ the required affidavits. In equity, he must first submit his affidavits to the court and procure an order for the attachment. Having, therefore, submitted affidavits sufficient to satisfy a judge that a writ of attachment should issue, it would be quite superfluous to annex those or other affidavits to the writ. The affidavits on file are a part of the records of the case as much as though they were annexed to the writ, and they may be appealed to for insufficiency on a motion to dissolve the attachment. Unlike the practice in some States, an order of a judge is not required in actions at law ; hence, the affidavits are required to be annexed to the writ, so that the attachment will stand or fall according to their sufficiency. Not so in equity, where there is first a judicial supervision of the affidavits and an order upon them. The reason for the requirement in actions at law does not apply in equity ; and the general provisions, "like a writ of attach-

ment at law," and "subject to like incidents as a writ of attachment at law," were not intended, in our opinion, to include a duplication of affidavits, but the more substantial likeness and incidents relating to the effect and service of the writ.

The objection that the party upon whom the writ is served has no knowledge that affidavits have been made is met by the provision of the law that no writ can be issued in an equity cause without such affidavits, and this a party is presumed to know. The sufficiency of the affidavits, in the first instance, at least, is in the discretion of the judge issuing the order. The question of sufficiency involved in the present motion is disposed of by the rescript entered June 4, 1902, overruling the demurrer to the bill.

We therefore decide that the writ is not defective upon these points.

(2)   It is also objected that the writ required the parties upon whom it was served to appear and answer at a certain day, when they were already parties to the suit in equity and had appeared and pleaded to the bill.

The statute requires the writ to be returnable at a certain time ; and while the summons to answer the bill may have been informal or needless, it certainly could work no harm to them, and it would not on that account avoid the writ.

The implication from a return day would seem to be that the party upon whom the writ is served should at that time make his return of the property attached, as in cases of garnishment at law ; but, since the statute has no provisions for such return or the effect of a default, we think that a motion for an order such as that now before us is properly made. A suit in equity is not bound by the same rules of strict procedure as an action at law, and it was probably intended to leave the enforcement of the writ to the discretion of the court, as other rights and claims are worked out in equity practice.

Another objection to the granting of the order is that it is premature. We think that this objection is well taken. Until the complainants establish their bill, or show circumstances which require the disclosure, such disclosure could serve no

useful purpose in this case, and hence should not be ordered until it shall appear to be reasonably necessary. It is an ancillary proceeding, to be made use of only when and as it is required for the purposes of the suit.

The entry of the order will therefore be postponed for further consideration.

*Edwards & Angell*, for complainants.
*Comstock & Gardner*, for respondents.